# THE ATKINSON CAR SPRING WORKS
## v.
## O. M. BARBER.

*Negotiable Instruments—Note—Consideration—Failure of—Warranty.*

In an action brought by the indorsee of a promissory note to recover thereon, this court holds that the evidence introduced by the defendants made no defense thereto, and declines to interfere with the judgment for he plaintiff.

[Opinion filed March 13, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. R. W. CLIFFORD, Judge, presiding.

Messrs. G. W. & J. T. KRETZINGER, for appellants.

Messrs. MILLAR, STARR & LEMAN, for appellee.

GARY, J. This is a suit upon a promissory note made by the appellants to one Holbrook, and by him assigned to the appellee.

The appellants pleaded that the note was given as part of the price of a warranted machine ; that the appellee was one of the vendors and warrantors; that the warranty was broken, and the appellee knew before and at the time that the note was assigned to him that the consideration had failed.

On the trial, without a jury, the appellants put their president on the stand and asked : "Look at this paper and state what that note was given for ; " and the court asked : " What do you say you will prove ? "

The appellants' counsel thereupon made a long statement of what he proposed to prove; the appellee objected ; the objection was sustained, and the appellants excepted.

If they had stopped there, there might have been trouble with the case ; but they went on questioning the witness as to the consideration of the note, the warranty and quality of the machine, and the other matter mentioned in their offer.

While the appellee objected to the questions, the court permitted them all to be answered, so that it appears that in fact the appellants did put in all the evidence they had to offer.

The court found for the appellee, and it is enough to say that the evidence did not make out any defense.

Under such circumstances it would be like holding a moot court to inquire whether the objection to the offer was rightly or wrongly sustained.

*Judgment affirmed.*